1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MARCHEA L. JACKSON,

11              Plaintiff,              No. CIV S-05-1531 LKK PAN P

12         vs.

13    D.L. RUNNELS, et al.,

14              Defendants.             ORDER

15    _____/

16         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

17    rights action.  Several matters are pending before the court.

18         On May 1, 2006, plaintiff filed a supplemental complaint.  Plaintiff did not seek

19    the court's permission to file the supplemental complaint.  Cf. Fed. R. Civ. P. 15; Local Rule 15-

20    220. It will therefore be disregarded.

21         On May 15, 2006, plaintiff filed a motion for leave to file an amended complaint,

22    apparently to add an unidentified defendant to this action.  Plaintiff did not include a proposed

23    amended complaint with his motion.[1]  The motion to amend will therefore be denied.

24    _____

25         [1] The motion to amend does not refer in any way to the supplemental complaint filed
      May 1, 2006, nor, in any event, would the court grant plaintiff leave to file a supplemental
      complaint.  Local Rule 15-220 requires, as a general practice, that the operative pleading in an
26    action be "complete in itself" without reference to any prior pleading, and the court will not

                                          1

1    On May 1, 2006, and June 2, 2006, plaintiff filed his third and fourth motions for

2  the appointment of counsel.  Plaintiff's previous motions were filed on August 11, 2005, and

3  August 1, 2005.  All requests were denied.  In light of those orders, plaintiff's May 1, 2006, and

4  June 2, 2006, motions for the appointment of counsel will be denied.

5    On May 18, 2006, and on June 2, 2006, plaintiff filed documents entitled "first

6  request for production of documents," "second request for production of documents," and "first

7  set of interrogatories" as to Richard Hunt, David L. Runnels, and Jose Miranda.  Plaintiff is

8  informed that court permission is not necessary for discovery requests and that neither discovery

9  requests served on an opposing party nor that party's responses should be filed until such time as

10  a party becomes dissatisfied with a response and seeks relief from the court pursuant to the

11  Federal Rules of Civil Procedure.  Discovery requests between the parties shall not be filed with

12  the court unless, and until, they are at issue.  Plaintiff's May 18, 2006, and June 2, 2006

13  discovery documents will be placed in the court file and disregarded.

14    On June 1, 2006, plaintiff filed a reply to defendants' answer.  Rule 7 of the

15  Federal Rules of Civil Procedure provides as follows:

16    There shall be a complaint and an answer; a reply to a counterclaim
     denominated as such; an answer to a cross-claim, if the answer contains a
17    cross-claim; a third-party complaint, if a person who was not an original
     party is summoned under the provisions of Rule 14; and a third-party
18    answer, if a third-party complaint is served.  No other pleading shall be
     allowed, except that the court may order a reply to an answer or a third-
19    party answer.

20  Fed. R. Civ. P. 7(a) (emphasis added).  The court has not ordered plaintiff to reply to defendants'

21  answer and declines to make such an order.  Therefore, plaintiff's reply to defendants' answer

22  will be disregarded.

23    Also on June 1, 2006, plaintiff filed a motion to compel.  Pursuant to ths court's

24  discovery order filed May 31, 2006, the parties have 45 days within which to respond to

25  _____

26  deviate from that general rule in this action.

1  discovery requests.  The time within which defendants must respond to plaintiff's discovery

2  request has not yet elapsed.  Therefore, plaintiff's motion to compel will be denied as premature.

3          Finally, the court finds that plaintiff is filing an excessive number of documents in

4  this case.  Plaintiff's filings are taking up too much of the court's scarce time and limited

5  resources.  The court is unable to address, in an orderly fashion, the requests and motions

6  plaintiff has previously submitted before he files several more.  Several of the motions, including

7  requests for appointment of counsel, are repetitious.

8          The court has the power to control its docket and the cases pending before it.

9  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, __ U.S. __, 113 S.Ct. 321 (1992).

10  Plaintiff is cautioned that a litigant proceeding in forma pauperis may suffer restricted access to

11  the court where it is determined that he has filed excessive motions in a pending action.  DeLong

12  v. Hennessey, 912 F.2d 1144 (9th Cir. 1990); see also Tripati v. Beaman, 878 F2d 351, 352 (10th

13  Cir. 1989).

14          Accordingly, IT IS HEREBY ORDERED that:

15          1. Plaintiff's supplemental complaint filed May 1, 2006, will be disregarded.

16          2. Plaintiff's motion for leave to amend his complaint, filed May 15, 2006, will be

17  disregarded.

18          3. Plaintiff's May 1, 2006, and June 2, 2006, motions for the appointment of

19  counsel are denied.

20          4.  Plaintiff's May 18, 2006, and June 2, 2006, requests for production of

21  documents and June 2, 2006 first set of interrogatories will be disregarded.  Plaintiff is cautioned

22  that further filing of discovery requests or responses, except as required by rule of court, may

23  result in an order of sanctions, including, but not limited to, a recommendation that this action be

24  dismissed.

25          5.  Plaintiff's June 1, 2006 request for an extension of time is granted;

26  /////

3

6.  Plaintiff is granted an additional 60 days within which to comply with the court's April 21, 2006 order.

7.  Plaintiff's June 1, 2006, motion to compel is denied.

8.  Plaintiff is cautioned that the court will impose sanctions if he does not refrain from filing excessive, duplicative, or repetitive motions.

DATED: July 18, 2006.

_____

UNITED STATES MAGISTRATE JUDGE

14/mp
jack1531.77e

4