IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCHEA JACKSON,

      Plaintiff,             No. CIV S-05-1531 LKK PAN P

      vs.

D.L. RUNNELS, et al.,

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.

      This action was filed on August 1, 2005, and is proceeding on plaintiff's complaint filed that date. On February 3, 2006, the court directed the United States Marshal to serve process on defendants Weaver, Miranda, Hunt, Mims, Hathaway and Runnels. On March 31, 2006, service was returned unexecuted for defendant Mims, and on April 19, 2006, service was returned unexecuted for defendant Hathaway. On April 20, 2006, defendants Miranda, Hunt, and Runnels answered the complaint. Service has not yet been returned for defendant Weaver.

      By orders filed April 21, 2006, and August 8, 2006, plaintiff was directed to provide additional information for service of process on defendants Mims and Hathaway,

1

respectively. Since that time, plaintiff has filed several motions by which he seeks, variously, assistance locating these defendants for service or process, or to amend his complaint to clarify the identity of defendants and/or claims.

This action has been pending for slightly more than one year. Since the action was filed, plaintiff has filed, <u>inter alia</u>, six motions for appointment of counsel, eight motions for leave to file amended and/or supplemental complaints, six motions to compel discovery, two requests for entry of default and/or default judgment, two requests for protective orders and/or stays of discovery, numerous discovery requests, numerous letter requests for the status of pending matters in this case, and various other letters addressed to the Clerk and/or the Court.[1] Plaintiff has twice been cautioned that the court views as excessive the number of documents that he has filed in this action, and that sanctions may be imposed if he does not exercise appropriate restraint. (<u>See</u> Orders filed July 19, 2006 and August 4, 2006.) In response to these orders, plaintiff has not exercised restraint but has instead filed four letters concerning his excessive filings, as well as several motions to compel and/or to amend his complaint.

Plaintiff's prodigious filings are making it extremely difficult for the court to manage this action in an orderly fashion. The court will not allow the piecemeal filing of supplemental complaints in this action. Moreover, the court will not respond to numerous discovery motions filed seriatim before either the defendants or the court have had a chance to respond to pending motions. In addition, it is improper for plaintiff to file requests for the status of every matter pending before the court. Such requests clog the docket and consume scarce judicial resources that are better spent attending to substantive matters properly before the court.

At this juncture, review of the record shows that it is appropriate to allow plaintiff one opportunity to amend his complaint to identify by correct name each defendant sued in this

---

[1] As of September 12, 2006, 115 documents, including court orders, have been entered on the docket in this action. Eighty-one of those docket entries are for documents filed by plaintiff in the year since this action was commenced.

action and to raise therein all claims that he seeks to bring in this action. The court will not allow the piecemeal filing of supplemental complaints in this action. Accordingly, plaintiff's original complaint will be dismissed and plaintiff will be given one period of thirty days in which to file an amended complaint.

In the amended complaint, plaintiff must identify by correct name each individual defendant that he claims has violated his constitutional rights in connection with the events complained of. He must allege facts which show how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, he must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to any prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff will be directed to file his amended complaint on the form provided with this order. The amended complaint must be clearly identified as an amended complaint and must bear the case number assigned to this action. Failure to file an amended

complaint that conforms to all of the requirements of this order will result in a recommendation that this action be dismissed.

In order to ensure the orderly progression of this action, all discovery and motion practice will be stayed until further order of court. Unless and until plaintiff files an amended complaint that contains one or more cognizable claims for relief, see 28 U.S.C. § 1915A, this action will proceed no further. Once the court has received plaintiff's proposed amended complaint, the court will screen the proposed amended complaint pursuant to 28 U.S.C. § 1915A and will then make such further orders for the progress of this action as are appropriate. Defendants will not be required to respond to an amended complaint until ordered to do so by the court, and the court will not make any further orders for service of process on unserved defendants unless and until the court finds that service of an amended complaint is warranted.

With the exception of granting plaintiff leave to file an amended complaint and granting the requests to stay discovery, all outstanding motions will be denied. Plaintiff is cautioned that he must not serve any further request for discovery on defendants, or any further motion or other request for court action until further order of court. Plaintiff is further cautioned that any violation of this order will result in a recommendation that this action be dismissed. The court will advise the parties by subsequent order if and when discovery will be reopened, and when motion practice may commence. The scheduling order filed May 31, 2006 will be vacated and the court will issue a new scheduling order if and when the court deems it appropriate to do so.

Only one of plaintiff's outstanding requests requires further discussion at this time. On August 25, 2006, plaintiff filed a request for a court order directing defendants to provide him with a copy of the transcript of his deposition taken on August 18, 2006 to allow him to make corrections. The court construes this as a request pursuant to Fed. R. Civ. P. 30(e) for review of plaintiff's deposition transcript. In their opposition to the request, defendants have

/////

indicated their intention to provide plaintiff with this opportunity. No order is required from the court and for that reason the request will be denied as unnecessary.[2]

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Plaintiff's complaint is dismissed.

        2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that correctly identifies each defendant and that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must be on the form provided with this order, must bear the docket number assigned to this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

        3. The Clerk of the Court is directed to send to plaintiff the court's form for filing a civil complaint.

        4. Plaintiff shall file nothing further in this action except an amended complaint until further order of court. Failure to comply with this order will result in a recommendation that this action be dismissed pursuant to Fed. R. Civ. P. 41(b).

        5. Defendants Miranda, Hunt and Runnels shall not respond to an amended complaint until further order of court.

/////

/////

/////

---

[2] To the extent that defendants contend that they are not required to provide plaintiff with a copy of the corrected deposition transcript for his records, they are only partially correct. While defendants will not be required to provide plaintiff with a copy of his corrected deposition transcript simply so that plaintiff can have a copy for his records, they will be required at appropriate stages of these proceedings to serve plaintiff with copies of all evidence, including deposition testimony, on which they rely in connection with adjudication of the claims raised herein.

1  6. All discovery is stayed until further order of court.

2  7. The scheduling order filed May 31, 2006 is vacated.

3  8. All motions currently outstanding are denied.

4  DATED: September 12, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12/14
jack1531.14