1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10    MARCHEA JACKSON,

11              Plaintiff,                    No. CIV S-05-1531 LKK EFB P

12        vs.

13    D.L. RUNNELS, et al.,
                                              ORDER AND
14              Defendants.                   FINDINGS AND RECOMMENDATIONS

15    _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights

17    action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint claims that he was injured in an

18    automobile accident while being transported by prison officials in a van without seatbelts.  He

19    also asserts that he was unconstitutionally given upper-bunk cell status following shoulder

20    surgery, retaliated against as a result of filing grievances, and staff ignored plaintiff's repeated

21    allegations of ongoing pain.  The matter is before the court on plaintiff's motion for a free

22    deposition transcript, and his motions for a temporary restraining order and preliminary

23    injunction.

24    **I. Motion for Transcript**

25        Plaintiff has filed a request for the court to arrange oral depositions of defendants and to

26    order defendants to provide him with a copy of his deposition transcript.  Plaintiff attaches to this

1

1    request a letter from defense counsel stating that, at that time, the amended complaint was still

2    being screened and no discovery order had issued.  Plaintiff's amended complaint has since been

3    screened, but a discovery order has yet to issue.  Plaintiff's motion for court assistance in

4    deposing defendants is therefore premature and is denied.

5         Plaintiff's request for an order for the defense to provide him with a transcript is also

6    denied.  Defendants are not obligated to furnish plaintiff with a copy of his deposition transcript.

7    *See* Fed. R. Civ. P. 30(f)(2).  Plaintiff cites *Tabron v. Grace*, 6 F.3d 147 (1993) for the

8    proposition that because 28 U.S.C. § 1915(d) does not permit the expenditure of federal funds to

9    pay litigation costs for indigents, district courts have the equitable power to order the opposing

10   party to pay for or provide copies of deposition transcripts as a condition for allowing that party

11   to take the deposition.  *Tabron*, 6 F.3d at 160.  *Tabron* does not support that proposition.  Rather,

12   it concluded that the government was not required to provide deposition copies at its expense

13   where Tabron "attended and participated in all of the depositions and therefore was able to take

14   notes and compile information from the live testimony," and where "Tabron had not

15   demonstrated in any of his papers why he needed copies of the transcripts" at that point in the

16   litigation.

17   **II.  Motions for Temporary and Preliminary Injunctive Relief**

18        On February 2, 2007, plaintiff filed a motion for a temporary restraining order, and on

19   February 7, 2007, plaintiff filed a motion for a preliminary injunction.  Defendants have not filed

20   an opposition to either motion.

21        A temporary restraining order is available to an applicant for a preliminary injunction

22   when the applicant may suffer irreparable injury before the court can hear the application for a

23   preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for

24   hearing at earliest possible time after entry of temporary restraining order); *Granny Goose*

25   *Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*,

26   415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after

1   action was removed to federal court); Wright, Miller & Kane, *Federal Practice &*

2   *Procedure*, § 2951 (2d ed. 1995).  The court addresses the need for an injunction herein and,

3   accordingly, a temporary restraining order pending that ruling is unnecessary.

4          A preliminary injunction will not issue unless necessary because threatened injury would

5   impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v.*

6   *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

7   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching

8   power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter,*

9   *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit standards for preliminary injunctive

10  relief are well established:

11              "The purpose of a preliminary injunction is to preserve rights
                pending resolution of the merits of the case by the trial." *Big*
12              *Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1087 (9th Cir.
                1989).  A preliminary injunction is appropriate "where plaintiffs
13              demonstrate either: (1) a likelihood of success on the merits and
                the possibility of irreparable injury; or (2) that serious questions
14              going to the merits were raised and the balance of hardships tips
                sharply in their favor." *Sw. Voter Registration Educ. Project v.*
15              *Shelley,* 344 F.3d 914, 918 (9th Cir. 2003) (en banc) Shelley, 344
                F.3d at 917 (internal quotation marks and citations omitted).  "The
16              irreducible minimum is that the moving party demonstrate a fair
                chance of success on the merits or questions serious enough to
17              require litigation.  No chance of success at all will not suffice."
                *Sports Form, Inc. v. United Press Int'l, Inc.*, 686 F.2d 750, 753
18              (9th Cir. 1982) (internal punctuation and citations omitted).

19  *E. & J. Gallo Winery v. Andina Licores S.A.* , 446 F.3d 984, 990 (9th Cir. 2006).  If the balance

20  of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a

21  likelihood of success on the merits as when the balance tips less decidedly.  *Benda v. Grand*

22  *Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978).  The

23  threatened injury must be immediate.  *Los Angeles Memorial Coliseum Comm'n v. National*

24  *Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the remedy is equitable in

25  nature, there must be no adequate remedy at law.  *Stanley v. University of S. Cal.*, 13 F.3d 1313,

26  1320 (9th Cir. 1994).  If the relief sought is mandatory rather than prohibitory, the balance must

1   more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

2   **A.  The February 2, 2007 Motion**

3          Plaintiff seeks an order returning seized legal property to him and enjoining

4   defendants, their successors in office, agents and employees and all persons acting in concert and

5   participation with them, and also to include High Desert State Prison, correction officers Patton,

6   K. Hassell, Gullion and Baumiller, from, specifically coming in contact and/or interaction of any

7   kind and/or aspect with the plaintiff/petitioner in this case.

8          In the motion, plaintiff claims that defendant Summerhill placed a disputed document in

9   plaintiff's central file in retaliation for plaintiff's filing of a complaint.  He also claims that

10  defendants Miranda and Hunt have made continual derogatory remarks to plaintiff and that

11  correctional officers Patton, Guillion, Baumiller, and Hassell have harassed plaintiff with

12  derogatory remarks and searched and seized all of plaintiff's personal property including all

13  pending legal documents and materials.  Plaintiff requests an order enjoining defendants from

14  coming into contact with plaintiff.  That request appears to be moot.  Plaintiff is no longer

15  confined at High Desert State Prison .

16         A matter is moot when the issues presented are no longer "live" or the parties lack a

17  legally cognizable interest in the outcome.  *Powell v. McCormack*, 395 U.S. 486, 496  (1969).

18  On May 25, 2007, the court received notice that plaintiff has been transferred from High Desert

19  State Prison to Salinas Valley State Prison.  Defendants have not been shown to be employed at

20  Salinas Valley State Prison or to have any influence over the conditions of plaintiff's

21  confinement there.  Moreover, there simply is no probability of the allegedly threatened activity

22  by these defendants occurring pending this action.  Finally, even if not moot plaintiff has not

23  presented evidence to demonstrate a likelihood of success on the merits, or even the irreducible

24  minimum of a fair chance of success on the claim.  Accordingly, he is not entitled to a

25  preliminary injunction on this ground.

26  ////

1    Plaintiff also claims that officers Patton, Guillion, Baumiller, and Hassell held the legal

2 documents and materials they seized from plaintiff for 17 days before returning them, and that

3 once returned, all but two pieces of discovery were missing.   Plaintiff  seeks an order requiring

4 the return of his legal property.  However, plaintiff again has failed to present evidence to show

5 that he is likely to prevail on the merits of this claim.  Assuming that he has at least raised

6 serious questions going to the merits, he has not demonstrated that the balance of relative

7 hardships sharply tips in favor of granting preliminary injunctive relief.  Indeed, weighing the

8 relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm.

9 Plaintiff has not identified the discovery that he claims was taken from his cell and has not

10 demonstrated how the deprivation of this material results in irreparable harm, but the deprivation

11 appears not to have affected his ability to litigate this action.

12    Additionally, only parties or non-parties with notice who are shown to be in active

13 concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure

14 65.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  Patton, K.

15 Hassell, Gullion and Baumiller are not parties to this action and plaintiff makes no showing they

16 have acted in concert or participated with defendants to violate plaintiff's rights.  Plaintiff has

17 not shown that he is entitled to a preliminary injunction against Patton, K. Hassell, Gullion and

18 Baumiller.

19    **B.  The February 7, 2007 Motion**

20    Plaintiff's February 7 motion claims that he was receiving medical treatment below the

21 standard of care and that defendants continuously moved plaintiff to an upper bunk in violation

22 of doctor's orders.  The motion seeks an order mandating that he be "medically examined and

23 treated by an outside contracted orthopedic and neurologist specialist," and that defendants

24 adhere to his physician's order for a lower bunk.  This motion, too, appears to be moot for the

25 reasons same stated above.  The defendants herein have not been shown to be employed at

26 Salinas Valley State Prison or to have any influence over the conditions of plaintiff's

confinement and medical treatment at that facility.  Finally, as with the other requests, plaintiff

has presented no evidence to establish either a probability of success or even a fair question for

litigation as to the claim.  He has not shown that he meets the requirements for a preliminary

injunction on this basis.

Accordingly, IT IS HEREBY ORDERED that plaintiff's February 7, 2007, motions for

the court to arrange depositions of defendants and to order defendants to provide plaintiff with a

copy of his deposition transcript are denied.

Further, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's February 2, 2007, motion for a temporary restraining order be denied; and

2.  Plaintiff's February 7, 2007, motion for a preliminary injunction be denied.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

being served with these findings and recommendations, any party may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 29, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE