IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCHEA JACKSON,

        Plaintiff,                      No. CIV S-05-1531 LKK EFB P

    vs.

D.L. RUNNELS, et al.,,

        Defendants.            FINDINGS AND RECOMMENDATIONS

                                  /

Plaintiff is a state prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Pending before the court are two motions filed by plaintiff: a motion requesting the court to set a schedule for the litigation in this case, and a motion for a preliminary injunction.

**I.    Plaintiff's Motion to Set a Schedule**

Plaintiff filed a motion on August 27, 2007, asking the court to "initiate the discovery process and rule on previous motions." The court issued a discovery and scheduling order on November 15, 2007. Accordingly, plaintiff's motion is moot.

**II.    Plaintiff's Motion for Preliminary Injunction**

On August 29, 2007, plaintiff filed a motion seeking a preliminary injunction ordering defendants to provide him with a mandatory two to four hours of library access per week.

1

1  Plaintiff claims that he is often denied access to the law library.  Plaintiff states that the
2  law mandates access for two hours per week but he is not allowed that much time.
3  A preliminary injunction will not issue unless necessary because threatened injury would
4  impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc. v.*
5  *Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871
6  F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a very far reaching
7  power never to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*
8  *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  To prevail upon an application for a prohibitory
9  preliminary injunction, plaintiff must demonstrate either probable success on the merits and the
10 possibility of irreparable injury, or serious questions regarding the merits of his claims and a
11 balance of hardships tipping sharply in his favor.  *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130,
12 1134 (9th Cir. 1979).  If the balance of harm tips decidedly toward the plaintiff, then the plaintiff
13 need not show as robust a likelihood of success on the merits as when the balance tips less
14 decidedly.  *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308,
15 315 (9th Cir. 1978).  The threatened injury must be immediate.  *Los Angeles Memorial Coliseum*
16 *Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980).  And since the
17 remedy is equitable in nature, there must be no adequate remedy at law.  *Stanley v. University of*
18 *S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).  If the relief sought is mandatory rather than
19 prohibitory, the balance must more clearly favor the applicant.  *Dahl v. HEM Pharm. Corp.*, 7
20 F.3d 1399, 1403 (9th Cir. 1993).
21 Plaintiff seeks an order directing defendants to provide him with two to four hours of
22 access to the law library per week.  He has not addressed the standards for a preliminary
23 injunction or explained how his request relates to the merits of this lawsuit.  As for the applicable
24 standards, plaintiff has not shown that he is likely to prevail on the merits.  Assuming at least
25 serious questions going to the merits, he has not demonstrated that the balance of relative
26 hardships sharply tips in favor of granting preliminary injunctive relief.  Indeed, weighing the

1   relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm.

2   Plaintiff alleges that without a court order he will be at an "extreme loss and disadvantage" in

3   prosecuting his case.  The court's order filed September 13, 2006, admonished plaintiff as to his

4   excessive motions and noted:

> This action has been pending for slightly more than one year. Since the action was filed, plaintiff has filed, inter alia, six motions for appointment of counsel, eight motion for leave to file amended and/or supplemental complaints, six motions to compel discovery, two requests for entry of default and/or default judgment, two requests for protective orders and/or stays of discovery, numerous discovery requests, numerous letter requests for the status of pending matters in this case, and various other letters addressed to the Clerk and/or the Court.[1] Plaintiff has twice been cautioned that the court views as excessive the number of documents that he has filed in this action, and that sanctions may be imposed if he does not exercise appropriate restraint. (See Orders filed July 19, 2006 and August 4, 2006.) In response to these orders, plaintiff has not exercised restraint but has instead filed four letters concerning his excessive filings, as well as several motions to compel and/or to amend his complaint.

*See* September 13, 2006, Order.

The court denied plaintiff's outstanding motions and cautioned him that a failure to comply with that order would result in a recommendation that the action be dismissed.  Since that order, plaintiff has filed five letters, an amended complaint (as instructed to do so by the court), a request for an order to show cause, requests for injunctive relief requesting assistance in deposing defendants and requesting medical treatment by an outside provider, as well as the two motions addressed in this order.  Plaintiff has not demonstrated that he will be unable to prosecute this case or that the court's ability to grant effective relief in this action would be impaired unless an injunction issues directing defendants to provide plaintiff with library access.  On the contrary, plaintiff continues to file motions and requests with this court which continue to hamper the court in its ability to manage its docket.  This motion is but another example.

Furthermore, only parties or non-parties with notice who are shown to be in active concert or participation with defendants may be enjoined under Federal Rule of Civil Procedure 65.  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969).  The law librarian at plaintiff's institution of incarceration is not named as a party to this action and plaintiff makes

1  no showing that the law librarian has acted in concert or participated with defendants to violate
2  plaintiff's rights. Plaintiff is not entitled to a preliminary injunction against the law librarian.

3      For the foregoing reasons, it is hereby RECOMMENDED that:

4      1.  Plaintiff's August 27, 2007, motion to set a schedule be denied; and

5      2.  Plaintiff's August 29, 2007, motion for a preliminary injunction be denied.

6      These findings and recommendations are submitted to the United States District Judge
7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be captioned
10 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
11 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
12 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13 Dated:  February 25, 2008.

                                                EDMUND F. BRENNAN
                                                UNITED STATES MAGISTRATE JUDGE