1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCHEA JACKSON,

11          Plaintiff,                    No. CIV S-05-1531 LKK EFB P

12          vs.
                                          ORDER AND
13   D.L. RUNNELS, et al.,                FINDINGS AND RECOMMENDATIONS

14          Defendants.

15   _____/

16          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Currently pending before the court is plaintiff's request for the court's assistance

18   in arranging oral depositions of defendants and for a copy of his deposition transcript, as well as

19   two motions to amend his complaint.

20   **I. Plaintiff's Request for Assistance with Depositions**

21          On December 28, 2007, plaintiff filed a motion requesting the court's assistance in

22   arranging oral depositions of defendants.  He states that he cannot afford to pay stenographer

23   fees, and therefore requests that defendants be ordered to arrange for plaintiff to use a video

24   recorder to take their depositions.

25   ////

26   ////

1

1    Rule 30 of the Federal Rules of Civil Procedure requires that a "party who wants to

2    depose a person by oral questions must give reasonable written notice to every other party."

3    Fed. R. Civ. P. 30(b)(1).  "The party who notices the deposition must state in the notice the

4    method for recording the testimony." Fed. R. Civ. P. 30(b)(3)(A).  That party must also arrange

5    for an officer to conduct the depositions.  Fed. R. Civ. P. 30(b)(5)(A).  Plaintiff does not indicate

6    that he ever noticed defendants' depositions and the court cannot order defendants to arrange for

7    plaintiff to take their depositions.  Accordingly, plaintiff's request is denied.

8    Plaintiff also states that, without court intervention, he will not be able to use any

9    portions of his deposition, which the defendants took on August 18, 2006.   The court construes

10   this portion of plaintiff's motion as a request for a copy of his deposition transcript.  The officer

11   before whom a deposition is taken must retain stenographic notes of the proceedings or a copy of

12   the recording of a deposition taken by a different method.  Fed. R. Civ. P. 30(f)(3).  The officer

13   must provide a copy thereof to any party or to the deponent upon payment of reasonable charges

14   therefor.  *Id.*  The court cannot order the Clerk or defendants to provide plaintiff with a copy of

15   the transcript of the August 18, 2006 proceedings.  Plaintiff must obtain it from the deposition

16   reporter before whom the deposition was taken pursuant to Rule 30(f)(3).

17   **II. Plaintiff's Motions to Amend**

18   Plaintiff filed two motions for leave to file an amended complaint.  Defendants did not

19   file an opposition brief to either motion.  For the reasons explained below, the February 7, 2008

20   motion is granted and the February 28, 2008 motion must be denied.

21   A party may file an amended pleading as a matter of right anytime before a responsive

22   pleading has been served.  Fed. R. Civ. P. 15(a)(1)(A).  When a responsive pleading has been

23   served, "a party may amend its pleading only with the opposing party's written consent or the

24   court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15

25   (a)(2).  The defendants filed their responsive pleading, i.e., an answer, on February 9, 2007.

26   ////

2

1   Thus, in order to file an amended complaint, plaintiff must obtain leave of the court or the

2   consent of the defendants.  In deciding whether to grant leave to amend, the court considers

3   following factors:  the presence or absence of undue delay, bad faith, dilatory motive, repeated

4   failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and

5   futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD*

6   *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

7         In plaintiff's February 7, 2008 motion to amend, he seeks to add as a defendant a

8   correctional officer named Cismowski.  Defendants have filed no opposition to this motion and,

9   accordingly, plaintiff's February 7, 2008 motion to amend is granted.

10        In plaintiff's February 28, 2008 motion to amend, he seeks to add another defendant

11  identified as "T. Felker."  However, his allegations as to this defendant fail to state a claim.  To

12  state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant deprived plaintiff

13  of a right secured to him by the Constitution or laws of the United States while acting under

14  color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Plaintiff seeks to amend the facts

15  alleged in his complaint to include allegations that "T. Felker" reviewed and responded to

16  plaintiff's appeal regarding being placed in an upper bunk and also responded to plaintiff's letter

17  regarding being transferred by bus in handcuffs.  The court finds that these allegations are

18  insufficient to state a cognizable claim for relief, and thus, the proposed amendments would be

19  futile.

20        Furthermore, the basis of plaintiff's proposed amendments have been know to plaintiff as

21  early as August 1, 2005, when plaintiff filed his original complaint.  Plaintiff attached as an

22  exhibit to his original complaint the above-referenced response from "T. Felker" regarding

23  plaintiff's placement in an upper bunk.  *See* Compl. Ex. D, at 37-39.  The above-referenced

24  responses from "T. Felker" regarding plaintiff's placement in an upper bunk and transfer by bus

25  in handcuffs are also included as exhibits to plaintiff's September 22, 2006 amended complaint.

26  First Am. Compl., Ex. D at unnumbered pages 3-5, Ex. E at unnumbered pages 4-6, (Second) Ex.

D at unnumbered pages 2-5.  While plaintiff states in his motion that he only discovered Felker's

identity through discovery, plaintiff's previous filings demonstrate that he has unduly delayed in

seeking the proposed amendments.

**III.  Conclusion**

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's December 28, 2007, request for the court's assistance in arranging oral

depositions of defendants and for a copy of his deposition transcript is DENIED;

2.  Plaintiff's February 7, 2008, motion to amend his complaint is GRANTED;

3.  The Clerk is directed to file the proposed amended complaint attached to plaintiff's

February 7, 2008, motion as a second amended complaint;

4.  Service is appropriate for defendant Cismowski;

5.  The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an

instruction sheet and one copy of the second amended complaint;

6.  Within 30 days from service of this order, plaintiff shall complete the attached Notice

of Submission of Documents and submit it to the court with the completed summons and USM-

285 form and two copies of the endorsed second amended complaint; and

7.  Upon receipt of the necessary materials, the court will direct the United States

Marshal to serve defendant Cismowski pursuant to Federal Rule of Civil Procedure 4 without

payment of costs.  Failure to comply with this order will result in a recommendation that this

action be dismissed.

Further, it is hereby RECOMMENDED that plaintiff's February 28, 2008, motion to file

an amended complaint be DENIED.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 15 days after

being served with these findings and recommendations, any party may file written objections

with the court and serve a copy on all parties.  Such a document should be captioned "Objections

to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8                                    IN THE UNITED STATES DISTRICT COURT

9                                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARCHEA JACKSON,

11            Plaintiff,                          No. CIV S-05-1531 LKK EFB P

12       vs.

13   D.L. RUNNELS, et al.,                        NOTICE OF SUBMISSION OF DOCUMENTS

14            Defendants.

15   _____/

16

17       Plaintiff hereby submits the following documents in compliance with the court's order

     filed _____:

18

19            ___1___        completed summons form

20            _____          completed forms USM-285

21            _____          copies of the _____
                                           Second Amended Complaint

22

23   Dated:

24                                            _____
                                                         Plaintiff

25

26