IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCHEA JACKSON,

    Plaintiff,                      No. CIV S-05-1531 LKK EFB P

    vs.

                                    ORDER

D.L. RUNNELS, et al.,

    Defendants.

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on plaintiff's second amended complaint. Plaintiff alleges that he was injured in an automobile accident while being transported by prison officials in a van without seatbelts. He also alleges that on two occasions he was unconstitutionally assigned to an upper-bunk, and sustained injuries when attempting to access the upper bunk. Additionally, plaintiff alleges he was denied adequate pain medications. Finally, plaintiff alleges that he was retaliated against for filing inmate grievances. On February 29, 2008, plaintiff filed two motions to compel further discovery responses from defendants. On April 25, 2008, defendants filed a motion for summary judgment. For the reasons stated below, the court grants plaintiff's motion to compel, in part, and denies defendants' motion for summary judgment without prejudice to renewal.

1

I.      **Motion to Compel (Docket No. 170)**

   A.      **Request for Production to Defendants Runnels, Barnes, Weaver, Robertson, Miranda, Hathaway, Hunt, Witt, Summerhill and Smith**

Plaintiff seeks to compel responses to his requests for production nos. 1, 4, 5, 6, 7, and 20.

In request no.1, plaintiff seeks from each of the above-named defendants, all written statements that contain allegations of their misconduct, ranging from "aggressive behavior" to "morally lax character." In moving to compel this response, plaintiff claims that the information sought would lead to consistent information that relates to the nature of his allegations. However, plaintiff's request is overbroad. For example, he seeks information regarding allegations that any of the defendants wrongfully seized property, yet plaintiff makes similar allegations only as to defendants Miranda and Hathaway. Additionally, rather than seeking allegations that were sustained in some manner, plaintiff seeks any and all allegations of misconduct. Further, plaintiff's request is not limited as to time. Defendants' objection that the request is overbroad is well-taken, and the court will deny the motion as to this request.

In request no. 4, plaintiff requests "copies of the High Desert State Prison computer Automated Bed Vacancy Report" for the dates of June 24-30, 2004 and July 8-10, 2005. Defendants object that the request is not reasonably calculated to lead to the discovery of admissible evidence and that it is overly burdensome. Defendants do not explain, however, why production of an "automated" report is overly burdensome. Furthermore, the information sought is reasonably calculated to lead to the discovery of admissible evidence because it relates to plaintiff's allegations that he was placed in an upper bunk even though lower bunks were available and defendants were aware of his lower bunk chrono. The court will grant plaintiff's motion as to this request, however, the court will narrow the scope of the request to the Facility B Yard on the dates identified in plaintiff's complaint – June 28, 2004, June 29, 2004, and July 9, 2005. *See* Pl.'s Reply (Docket No. 175) at 10.

In request nos. 5, 6 and 7, plaintiff requests the "Housing Roster Report," the "Inmate Daily Movement Sheet," and the "Summary of the Official Count by Watch," for the dates of June 24-30, 2004 and July 8-10, 2005. Defendants object that production of the requested Housing Roster Reports and Inmate Daily Movement Sheets could violate the privacy rights of inmates who were moved to sensitive areas of the prison. Defendants further object that production of the Official Count could jeopardize the safety and security of the institution, as this information is confidential and collected for the purpose of ensuring the safety of the institution. Plaintiff explains that like request no. 4, he seeks this information to support his claim that he was placed in an upper bunk even though lower bunks were available. Request nos. 5-7 are thus duplicative of request no. 4, and are also overbroad. The court will deny plaintiff's motion as to these requests.

In request no. 20, plaintiff requests the ethnicity of every High Desert State Prison ("HDSP") employee for the dates of June 24-30, 2004 and July 8-10, 2005. Plaintiff claims that he is entitled to this information because it is relevant to his allegation that there is racial targeting of African-American inmates at HDSP and many of the employees at HDSP are Caucasian. According to defendants, HDSP employs over 1000 employees. The request would require that defendants conduct a sampling of the ethnicity of all employees for ten different dates from over three years ago. Thus, the request is overly burdensome, and the court will deny plaintiff's motion as to this request.

**B.     Request for Production to Runnels, Barnes and Spicklemier**

Plaintiff seeks to compel responses to his requests for production nos. 2 and 3 to defendants Runnels, Barnes and Spicklemier.

In request no. 2, plaintiff seeks all correspondence from the Warden of HDSP or representatives of the Warden's Office to plaintiff from January 1, 2004 to January 1, 2006. Defendants object that the information sought is overly burdensome because ten to twenty memos can be generated on any given day and plaintiff's request requires a review of daily

correspondence for a time period spanning two years. Defendants' objections are well-taken and plaintiff's motion is denied as to this request.

In request no. 3, plaintiff asks for maintenance records for all HDSP "Correctional Treatment Center ("CTC") prisoner transportation (intra-institution) vans" from January 1, 2005 to January 1, 2006. Defendants object that the request is overly broad and burdensome and that they are not in possession, custody, or control of any maintenance records of CTC vans. Plaintiff fails to justify why defendants should be compelled to produce the requested records and his motion is denied as to this request.

### C. Request for Production to Weaver

Plaintiff seeks to compel Weaver's responses to his requests for production nos. 4, 5, 6, 7 and 9.

In request nos. 4-7, plaintiff seeks HDSP's "operational procedures" for bed moves, use of force, vehicle transportation safety, and CTC inmate transportation. Defendant responds by directing plaintiff to the California Code of Regulations as well as to sections of the Department Operations Manual from 2000 that are not deemed confidential. Plaintiff fails to explain why defendant's response is insufficient. Accordingly, plaintiff's motion is denied as to these requests.

In request no. 9, plaintiff requests "all written or recorded statements [defendant has] received from any person concerning any issues that [are the] subject matter of this lawsuit." Defendant's objection that the request is vague and ambiguous is well-taken and plaintiff's motion is denied as to this request.

### D. Request for Admissions from Runnels, Barnes, Weaver, Miranda, Hunt, Hathaway, Witt, Smith, Summerhill, Robertson, Spicklemier, and James

Plaintiff moves to compel responses from the above-named defendants to requests for admission nos. 1 and 2. Like his request for production of documents no. 1, plaintiff seeks admissions or denials as to whether defendants have been accused of various misconduct,

4

ranging from "aggressive behavior" to "morally lax character." The court denies these requests for the same reasons that the court denies plaintiff's request for production of documents no. 1, as discussed above in section I.A.

### E. Request for Production to Spicklemier, Runnels and Barnes

Plaintiff seeks to compel defendants Spicklemier, Runnels and Barnes to respond to his request for production nos. 3, 4, 5 and 7.

In request no. 3, plaintiff seeks "any and all rules, regulations and policies for the procedures of transporting prisoners to and from the Correctional Treatment Center." Defendants object that the request is overly broad, vague, ambiguous, overly burdensome and that "sections of institutional procedure dealing with transportation of inmates is confidential and may jeopardize the safety and security of the prison." In request no. 4, plaintiff requests "any and all rules, regulations and policies for Intra-Institutional vehicle safety." Again, defendants object that the request is overly broad, vague, ambiguous, and overly burdensome. Defendants objections are well-taken and plaintiff's motion is denied as to these requests.

In request nos. 5 and 7, plaintiff seeks pictures of the interior of CTC Van #418, which he was transported in on July 5, 2005. Defendants contend that these photographs do not exist, and thus, they cannot produce them. The party seeking production bears the burden of showing that the opposing party has control of the sought-after documents. *United States v. International Union of Petroleum and Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989). Plaintiff has not met this burden. Furthermore, the court will not compel defendants to take the requested photographs on plaintiff's behalf. Thus, plaintiff's motion as to these requests is denied.

### F. Interrogatories to Defendant Runnels

Plaintiff seeks to compel defendant Runnels to respond to interrogatory nos. 9 and 10. In these requests, plaintiff once again seeks information pertaining to a wide range of allegations of defendant's misconduct. Defendant objects that these requests are overbroad, vague as to time, and may invade third party privacy rights. Defendant's objections are sustained, and like

5

plaintiff's similar requests discussed in sections I.A and I.D, these requests are also denied.

### G. Defendant Runnels, Hunt, Weaver, James, Witt, Summerhill, Hathaway, Miranda, Barnes, Smith and Robertson's Responses to Requests for Admission nos. 1, 2, and 3 Dated December 29, 2007

Plaintiff moves to compel further responses to his request for admissions nos. 1, 2 and 3. In request no. 1, plaintiff states, "please admit that on June 28th of 2004 and July 9th of 2005, the Plaintiff had a medically approved lower bunk chrono to be housed and maintained in a lower bunk." In request no. 2, plaintiff asks defendants to admit that on June 28, 2004 and July 29, 2005, plaintiff had a serious medical need. In request no. 3, plaintiff states "please admit that it is your duty and/or responsibility to ensure that the plaintiff was placed in a lower bunk on June 28th of 2004 and July 9th of 2005, because he had a medically approved lower bunk chrono to be housed and maintained in a lower bunk."

Defendants object on the grounds that the requests are compound, but respond that they do not know whether plaintiff had a valid lower bunk chrono on the dates noted and that "there is not enough information listed to make a determination as to whether Plaintiff has a serious medical need." Plaintiff contends that defendant James wrote and approved the chrono for a lower bunk and has not exercised any diligence in responding to these requests. The answering party may not give lack of information or knowledge as a reason for failure to admit or deny, unless the party states that it has made a reasonable inquiry and insufficient information exists on which to base an admission or denial. Fed. R. Civ. P. 36(a)(4). There is no indication that defendant James made a reasonable inquiry with respect to plaintiff's requests. Plaintiff's motion is granted as to these requests to the extent they seek admissions from defendant James, but is denied as to the other defendants.

### H. Plaintiff's Request for Admissions

Plaintiff requests responses to his requests for admissions nos. 2, 3, 4 and 7. In request no. 2, plaintiff asks defendants to admit that defendant Barnes reviewed the "First and Second Levels of response for Appeals - HDSP-B-05-02300 and HDSP-B-05-02191."

6

1 Defendants object on the grounds that the request is vague and ambiguous and that they
2 are unable to admit or deny the request because it concerns information not within their
3 knowledge. The court is not convinced that the information sought is not within defendant
4 Barnes' knowledge. Thus, plaintiff's motion is granted as to this request to the extent that it
5 seeks an admission from defendant Barnes, but is denied as to the other defendants.

6 In request no. 4, plaintiff asks defendants to admit that defendant Weaver "reviewed
7 Appeal, HDSP-B-05-023000." Again, defendants object on the grounds that the request is vague
8 and ambiguous and that they are unable to admit or deny the request because it concerns
9 information not within their knowledge. Plaintiff's motion is granted as to this request to the
10 extent it seeks an admission from defendant Weaver, but is denied as to the other defendants.

11 In request nos. 3 and 7, plaintiff again seeks admissions regarding specific inmate
12 appeals. Defendants raise the same objections here. Plaintiff directs defendants to the specific
13 appeals in question, and there is no indication that any defendant made a reasonable inquiry into
14 the matter before answering that insufficient information exists on which to base an admission or
15 denial. Thus, plaintiff's motion is granted as to these requests.

## II. Motion to Compel (Docket No. 171)

Plaintiff requests that the court compel defendants to provide him with photographs and/or diagrams of the interior of two separate prison cells. Plaintiff does not indicate when, if at all, he requested this information from defendants. Nevertheless, defendants oppose the motion on the grounds that they do not have the requested documents in their possession, and cannot be expected to incur the expense of having the photographs taken for plaintiff's benefit. Plaintiff fails to justify why defendants should be compelled to produce the requested documents, and thus, his motion is denied.

## III. Defendant's Motion for Summary Judgment

Defendants' April 25, 2008, motion for summary judgment is pending before the court.
////

In light of the fact that the court will order defendants to respond further to some of plaintiff's discovery requests and extend the discovery deadline to allow for compliance with this order, defendants' motion will be denied without prejudice. *See* Fed. R. Civ. P. 56(f). Defendants either may file an amended motion including a new brief and supporting documents, or simply renew the one previously filed by filing a notice of such renewal.

**IV. Conclusion**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to compel (docket no. 170) is granted with respect to: (a) request for production no. 4, as limited in section I.A; (b) requests for admission nos. 1, 2, and 3 as limited in section I.G; and c) request for admission nos. 2, 3, 4 and 7, as limited in section I.H. In all other respects plaintiff's motion is denied. Defendants shall produce the discovery compelled herein, no later than May 15, 2009.

2. Plaintiff's motion to compel (docket no. 171) is denied.

3. Because discovery in this action shall remain ongoing as limited herein, and the responsed to plaintiff's discovery may be used by plaintiff in opposing the motion, defendants' motion for summary judgment is denied without prejudice. Defendants may renew their motion after May 15, 2009.

Dated: March 23, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE